993 F.2d 228
 25 Fed.R.Serv.3d 1460
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen A. JUNTTI; Barbara J. Juntti, and on behalf of those
similarly situated, Plaintiffs-Appellants,
and Robert M. MARTIN; Cecelia A. Martin; David F. Apple,
M.D.; Professional Corporation Pension Plan, Plaintiffs,
v.
PRUDENTIAL-BACHE SECURITIES, INC.; John Rissanen; Terrill
A. Turner; Robert E. Johnson, Jr.; J & T
Investors, Incorporated; John C. Does,
1-100, Defendants-Appellees.
 No. 92-2066.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993
Decided: May 3, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-90-203-C-C-MU)
 ARGUED: Patrick Edward Cafferty, Miller, Faucher, Chertow, Cafferty & Wexler, Chicago, Illinois, for Appellants.
 David C. Wright, III, Robinson, Bradshaw & Hinson, P.A., Charlotte, North Carolina, for Appellees.
 ON BRIEF: Marvin A. Miller, Miller, Faucher, Chertow, Cafferty & Wexler, Chicago, Illinois; Marvin Schiller, Law Offices of Marvin Schiller, Raleigh, North Carolina, for Appellants.
 John R. Wester, D. Blaine Saunders, Robinson, Bradshaw & Hinson, P.A., Charlotte, North Carolina; C. Howard Nye, Nye, Phears & Davis, Durham, North Carolina, for Appellees.
 W.D.N.C.
 Affirmed.
 Before WIDENER and LUTTIG, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 In connection with an abortive tender offer, a number of investors brought suit alleging fraud under the federal securities law and other derivative causes of action against defendants Johnson and Turner, the putative acquirers of the International Broadcasting Corporation of America ("IBCA"), their investment vehicle J & T Investors, a brokerage company, and several of its employees, including broker Rissanen. In short, the goal of defendants' conduct, according to the plaintiffs, was "to raise the value of IBCA shares and then to sell their shares at an inappropriate profit," J.A. at 120 (Ct. p 20), in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.
 
 
 2
 The district court dismissed plaintiffs' first complaint without prejudice, inter alia for failing to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b). Plaintiffs then filed a second amended complaint, which the district court again dismissed for failing to plead fraud with particularity, concluding that "[a]lthough these allegations may at first blush have the appearance of specificity, in substance they are conclusory and fail to provide an adequate factual basis for an inference of fraud and scienter." J.A. at 111. While plaintiffs allege a price increase and a host of activities by defendant, they offer no basis for believing that those activities constituted the sophisticated fraud they allege.
 
 
 3
 Perhaps best illustrative of the inadequacy of the complaint is the contention at its core:
 
 
 4
 Prudential-Bache and Rissanen were aware of material non-public information ("inside information") concerning the timing of proposed offers by J & T to purchase IBCA stock at certain prices. On or about November 22, 1988, Johnson privately disclosed to Rissanen [in a telephone conversation] J & T's intentions regarding IBCA (i.e., to drive the price of the stock higher), including J & T's planned offers to IBCA and the timetable for the proposed offers.
 
 
 5
 Id. at 128 (Ct. p 45). Plaintiffs offer no facts to establish why they believe the parties to the telephone conversation discussed J & T's intentions. Indeed, plaintiffs offer no facts indicating even why they believed the alleged telephone call ever took place. Their reliance on testimony presented in International Broadcasting Corp. v. Turner, No. 4-89-541 (D. Minn. Feb. 22, 1991), a case that arose out of the same operative facts, is without basis. That testimony suggested only that Rissanen advised two fellow employees of Johnson's interest in IBCA; it does not substantiate plaintiffs' claim as to when or how Rissanen learned of J & T's interest. And it certainly offers no support for the additional, and otherwise unsupported, contention that "Rissanen contacted hundreds of people and advised them to purchase IBCA stock on the basis of inside information of a pending take over [sic]," id. (Ct. p 47).
 
 
 6
 Further indicative of the insufficiently particular character of the complaint is its impermissible aggregation of defendants without specifically alleging which defendant was responsible for which act. See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Indeed, in Count I of the complaint (pp 57-70), the count alleging a violation of section 10(b), each paragraph-except for the first two, which respectively incorporate the preceding paragraphs by reference and explain the requirements of section 10(b)-refers only to the actions of the "defendants" generally, not to actions of specific defendants. E.g., J.A. at 131 (Ct. p 59) ("Defendants, together with agents acting on their behalf or at their direction, engaged in a scheme, practice or course of business to manipulate the market for IBCA stock....").
 
 
 7
 Such pleading practice is insufficient either to provide a defendant with fair notice of the claim against him or to protect a defendant from harm to his reputation or goodwill. It is not sufficient to argue that "[e]ach count ... incorporates the factual allegations of the Complaint, which specify each defendant's individual conduct." Reply Br. at 13. The burden rests on plaintiffs to "enable a particular defendant to determine with what it is charged." Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 745 (6th Cir. 1992). While there might be allegations with which only particular defendants could possibly be charged-perhaps, for instance, filing misleading documents with the SEC, see J.A. at 132 (Ct. p 62)-most, if not all, of the allegations in count one could apply to some or all of the defendants. Moreover, it might be that with a given allegation plaintiffs meant to charge only some defendants but that all defendants would have considered themselves so charged. The particularity requirement of Rule 9(b) is designed to avoid just such confusion.
 
 
 8
 We agree with the district court that "[s]imply put, plaintiffs have not shown the factual basis for the alleged pervasive fraud." Id. at 111. Accordingly, we affirm for the reasons stated in the two opinions of the district court. Martin v. Prudential-Bache Sec., Inc., No. CA90-203-C-C-MU (W.D.N.C. May 21, 1991); David F. Apple, M.D. v. Prudential-Bache Sec., Inc., No. CA-90-203-C-C-MU (W.D.N.C. July 17, 1992).
 
 AFFIRMED